**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **JOHN MWANGI,** | : | **MOTION TO VACATE** |
|     **Movant,** | : | **28 U.S.C. § 2255** |
| | : | |
|     **v.** | : | **CRIMINAL INDICTMENT NO.** |
| | : | **1:09-CR-0107-TWT-AJB-1** |
| **UNITED STATES OF AMERICA,** | : | |
|     **Respondent.** | : | **CIVIL FILE NO.** |
| | : | **1:12-CV-1627-TWT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S
<u>FINAL REPORT AND RECOMMENDATION</u>**

Movant, John Mwangi, represented by counsel, seeks via 28 U.S.C. § 2255 to challenge the constitutionality of his conviction and sentence entered in this Court under the above criminal docket number. The matter is before the Court on Movant's § 2255 motion, [Doc. 77], Movant's response to the Court's Order to show cause why his motion should not be dismissed as untimely, [Doc. 80], and Respondent's answer-response to the § 2255 motion, [Doc. 83].

**I.**      <u>**Discussion**</u>

Prior to Movant's indictment in this action, Movant appeared before the Court in another action and, on May 12, 2008, the Court ordered that Movant be detained on the grounds that he was a citizen of Kenya, was "out of status" in the United States, and the Bureau of Immigration and Customs Enforcement ("ICE") had placed a detainer for

his removal against him.  Final Report and Recommendation at 2, *United States v. Mwangi*, No. 1:08-mj-0511-AJB-1 (N.D. Ga. Jan. 13, 2009).

In 2009, the grand jury sitting in the Northern District of Georgia indicted Movant on one count of conspiring to traffic in counterfeit goods and two counts of criminal copyright infringement. [Doc. 1.] Represented by Stanley M. Baum, Movant pleaded guilty to one count of conspiring to traffic in counterfeit goods. [Doc. 66, Guilty Plea and Plea Agreement.] Movant agreed that he was subject to up to a five-year term of imprisonment and that no-one could predict his sentence at the time of his plea. [*Id.* ¶ 3.] Movant voluntarily and expressly waived his right to appeal his conviction and sentence and to collaterally attack his sentence, with limited exceptions.[1] [*Id.* ¶ 11.] At the plea hearing, the Court questioned Movant regarding his appeal waiver, and Movant stated that he understood. [Doc. 75 at 16-17.] After ascertaining that Movant otherwise understood his rights and the rights that he was giving up, the Court accepted his guilty plea. [*Id.* at 22.]

---

[1] The parties agreed that Movant could directly appeal a sentence above the high end for an adjusted offense level of twelve. [Doc. 66, Guilty Plea and Plea Agreement ¶ 11.] The parties did not make the same agreement for a collateral attack. [*See id.*]

2

At his sentencing hearing, again represented by Mr. Baum, the Court stated that Movant's guidelines range was eighteen to twenty-four months and that he faced deportation. [Doc. 74 at 4.] Movant sought a downward departure for a sentence of less than twelve months because of his concern over potential immigration consequences. [*Id.* at 11.] The government recommended a time-served sentence, which it calculated to be approximately twenty-two or twenty-three months. [*Id.* at 16.] The Court denied a downward departure, found that a sentence within the guidelines range was appropriate, and sentenced Movant to time served and a three-year term of supervised release. [*Id.* at 17; Doc. 73.]

Movant's judgment of conviction was entered on June 4, 2010. [Doc. 73.] Movant did not file a direct appeal, and on May 8, 2012, he filed the § 2255 motion that is now before the Court.

Movant raises two grounds for relief: (1) plea and sentencing counsel provided ineffective assistance by advising him that there was no legal mechanism whereby he could challenge his sentence and restitution,[2] and (2) his guilty plea was involuntary

---

[2] Movant states that when he inquired regarding a mechanism to challenge his sentence and restitution, "[b]oth attorneys advised that no such legal mechanism was available even though he did have the opportunity under 28 U.S.C. § 2255 to make a motion seeking such relief, particularly where he was advised that his plea agreement would not subject him to removal." [Doc. 77 at 5.] The Court notes that the second

3

because counsel wrongly advised that "a plea wherein he would receive a sentence of less than twelve months" would not subject him to removal.³ [Doc. 77 at 5.]

In regard to the timeliness of his § 2255 motion, Movant states (1) that he was not advised at his plea hearing or sentencing about the availability of § 2255 relief; (2) that on or before April 20, 2011, his plea and sentencing counsel informed him that he had no legal recourse for seeking relief from his sentence; and (3) that it was not until Movant consulted with his current counsel that he was informed that he could file a § 2255 motion. [Doc. 77 at 5; Doc. 80 at 2-3.] Movant asserts that the erroneous advice he received that he had no recourse warrants application of § 2255(f)(4), which allows the one-year statute of limitations to begin running on the date when the fact (apparently the fact that he could file a § 2255 motion) supporting his claim could have been discovered with due diligence. [Doc. 80 at 4.]

---

attorney appears to be Mr. Nicholas A. Lotito. [Doc. 80, Attach.]

³ Movant was aware as early as 2008, before his indictment in this action, that he was subject to removal. Further, Movant was fully aware that he was subject to a sentence of up to five years and that no-one could predict his sentence at the time that he pleaded guilty. Thus, it is unlikely that Movant could show prejudice based on a claim that counsel allowed him to enter a plea that subjected him to a term of imprisonment of more than twelve months and/or that subjected him to removal.

4

Respondent argues that attorney negligence in allegedly misadvising Movant on the possibility of seeking § 2255 relief does not warrant equitable tolling and that this action is untimely. [Doc. 83 at 3.] Respondent also argues that the appeal waiver bars any claim other than a claim that his guilty plea and waiver are invalid based on ineffective assistance of counsel during the plea proceedings. [*Id*. at 3-5.] Respondent further argues, among other things, that Movant's attempt to show that ineffective assistance rendered his guilty plea and waiver invalid fails because Movant was well aware that he faced removal before he pleaded guilty.[4] [*Id*. at 5-12.]

A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] Respondent also has submitted an affidavit by Stanley Baum. [Doc. 83, Aff.] To avoid any issue with credibility findings without an evidentiary hearing, the undersigned does not base this recommendation on Mr. Baum's affidavit.

5

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f). The one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir.) (quoting *Holland v. Florida*, _ U.S. _, _, 130 S. Ct. 2549, 2562 (2010)) (internal quotation marks omitted), *cert. denied*, _ U.S. _, 132 S. Ct. 158 (2011).

Professional misconduct – that rises to the level of affirmatively misrepresenting to a client that a state filing that would toll the federal limitations period had been filed – warrants equitable tolling, if the movant can show that the misrepresentation caused the late filing of the federal petition. *Roper v. Dep't of Corr.*, 434 Fed. Appx. 786, 790 (11th Cir. July 12, 2011). However, ordinary attorney negligence – for example a lack of awareness of well-settled law and improper calculation of a filing deadline – are not extraordinary circumstances. *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012), *cert. denied*, _ U.S. _, 133 S. Ct. 435 (2012); *Roper*, 434 Fed. Appx. at 789. "With respect to [a] petitioner's assertion that he was unaware of § 2255 relief, '[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable

6

tolling.'" *McBee v. United States*, Nos. 3:95-cr-082, 3:08-cv-444, 2012 WL 607662, at *3 (E.D. Tenn. Feb. 24, 2012) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)); *Jones v. United States*, 304 F.3d 1035, 1044 (11th Cir. 2002) ("[I]gnorance of the law is [an] insufficient rationale for equitable tolling[.]" (citing *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000))).

Because Movant did not file a direct appeal, his federal conviction became final on June 18, 2010, fourteen days after the entry of judgment. *See* Fed. R. App. P. 4(b)(1)(A). Although Movant's § 2255 motion was due by June 18, 2011, he did not file his motion until May 8, 2012 and it is untimely under § 2255(f)(1). Movant is not helped by § 2255(f)(4) because learning that he can file a § 2255 motion does not qualify as factual information that supports a claim or claims.[5] *Cf. Madaio v. United States*, 397 Fed. Appx. 568, 570 (11th Cir. Sept. 24, 2010) ("[T]he discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period" under § 2255(f)(4).). Construing Movant's argument as one for equitable tolling, the Court finds that Movant is not entitled to equitable tolling based on affirmative misconduct by prior counsel. Prior counsels' advice that there was

---

[5] Movant has raised no issue based on § 2255(f)(2)-(3) or an actual-innocence exception to the federal limitations period, and those issues are not addressed.

7

no legal mechanism for Movant to challenge his sentence and the order of restitution appears correct after the time for direct appeal passed because Movant waived the right to challenge his sentence in a collateral proceeding (with no exceptions for a collateral challenge). Movant does not state in his § 2255 motion that he asked prior counsel about challenging the validity of his plea or that they counseled him that there was no avenue to do so. Moreover, counsel's alleged legal mistake and Movant's alleged unawareness of his legal remedies are not extraordinary circumstances. Accordingly, this action is untimely and must be dismissed.

## II. Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate

8

whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Lott v. Attorney Gen.*, 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

It is recommended that a COA is unwarranted because it is not debatable that this action is time barred. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. Conclusion

For the reasons stated above,

9

**IT IS RECOMMENDED** that this § 2255 motion be **DISMISSED** as untimely and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 12th day of February, 2013.

_____
**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)